[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14944
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-03723-TWT

KHIRUS E. WILLIAMS,

Plaintiff-Appellant,

versus

CITY OF ATLANTA,
POLICE CHIEF GEORGE N. TURNER,
in his individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 30, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Khirus Williams, an African-American male, appeals the district court's

grant of summary judgment in his suit against the City of Atlanta and Police Chief George Turner, in his individual capacity, alleging retaliation against him for speech protected by the First Amendment, in violation of 42 U.S.C. § 1983, and discrimination based on his race, in violation of 42 U.S.C. §2000e-2.  On appeal, Williams argues that the district court erred by concluding that Williams spoke out as an employee, and not as a citizen, when he emailed community members about the potential reorganization of the police precinct he administered.  Williams also argues that the court erred by deciding that Deputy Chief Peter Andresen, a Caucasian male, was not a similarly situated comparator for the purposes of proving disparate treatment.

Upon review of the record and consideration of the parties' briefs, we affirm.

I.

We review *de novo* a summary judgment determination, viewing all evidence in the light most favorable to the non-moving party.  *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).  A public employee cannot prove a First Amendment violation "merely by showing that the speech at issue addressed a subject of public concern."  *Moss v. City of Pembroke Pines*, 782 F.3d 613, 618 (11th Cir. 2015).  As a threshold matter, the employee must also show that he "spoke in his capacity as a citizen, rather than as an employee."  *Id*.  This inquiry is

2

a question of law we review *de novo*. *Vila v. Padron*, 484 F.3d 1334, 1339 (11th Cir. 2007).

To determine whether the speech at issue was made in the employee's role as a citizen or an employee, we make a practical inquiry into whether the speech "owes its existence to [the] employee's professional duties." *Abdur-Rahman v. Walker*, 567 F.3d 1278, 1283 (11th Cir. 2009) (quotations omitted). The inquiry is not controlled by "[f]ormal job descriptions," but rather by the content, form, and context of the speech as revealed by the record as a whole. *Id*. The speech of a high-ranking employee with broad administrative responsibilities is not protected when the employee speaks out on a subject that impacts the day-to-day operations he is responsible for overseeing, even where the employee is specifically instructed not to speak out on the issue. *Moss*, 782 F.3d at 620.

Here, Williams's speech was not just about any general issue of public concern, but about the reorganization of his precinct, which he was in charge of planning and implementing. Williams was a high-ranking employee responsible for overseeing the implementation of the reorganization and thus, even though he argues that he was not required to criticize the department as part of his job description, his speech was nevertheless made in his role as an employee. *See Moss*, 782 F.3d at 620. Because Williams's speech was not made in his capacity as a citizen, the district court did not err in granting summary judgment in favor of

3

the defendants on Williams's § 1983 claim.  *See id.* at 619-20.

## II.

The party moving for summary judgment bears the initial burden of establishing the absence of a dispute over a material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  The burden then shifts to the non-moving party, who may not rest upon mere allegations, but must set forth specific facts showing that there is a genuine issue for trial.  *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990).

Employers are prohibited from discharging an employee because of the employee's race.  42 U.S.C. § 2000e-2(a)(1).  To establish a *prima facie* case of disparate treatment in a race discrimination case, a plaintiff must prove that the employer treated similarly situated employees outside of his protected class more favorably.  *Burke-Fowler v. Orange Cnty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006).  Where a plaintiff fails to establish a valid comparator and presents no other evidence of race discrimination, the plaintiff does not make out a *prima facie* case. *Id*. at 1325.

Williams fails to show that Deputy Chief Peter Andresen is a valid comparator.  As Williams himself argues, Andresen's misconduct was his failure to manage Williams, who was Andresen's subordinate.  Williams's misconduct was the email he sent to community members criticizing the department's

4

restructuring plan, which led to Turner's decision to demote him.  Simply put, Williams does not demonstrate that Andresen engaged in similar conduct.  Because Williams does not show that a similarly situated comparator was treated more favorably, and does not present other evidence of race discrimination, the district court properly held that Williams failed to make out a *prima facie* case of race discrimination.  *Burke-Fowler*, 447 F.3d at 1325.

**AFFIRMED.**